**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**FREDERICK WILLHOFT ET AL.**                    **CIVIL ACTION**

**VERSUS**                                        **NO:  06-1235**

**KERT LEBLANC INSURANCE**                        **SECTION: "S" (2)**
**AGENCY ET AL.**


## ORDER AND REASONS

   **IT IS HEREBY ORDERED** that the motion to remand of Frederick Willhoft and Carol

Willhoft is **GRANTED**, and the case is **REMANDED** to the 34th Judicial District Court for the

Parish of St. Bernard.  (Document #9).

## I. BACKGROUND

   Frederick and Carol Willhoft filed a petition for damages in the 34th Judicial District

Court for the Parish of St. Bernard against Kert Leblanc Insurance Agency, Inc. (Leblanc), State

Farm Fire and Casualty Company (State Farm), and ABC Insurance Company (ABC).[1]  The

Willhofts allege that they consulted with Leblanc regarding the appropriate coverage for their

home at 3428 Karen Drive, Chalmette, Louisiana, and Leblanc placed their homeowners and

flood dwelling coverage with State Farm.  The policies were renewed annually without any

---

   [1]    ABC provided errors and omissions coverage to Leblanc.

discussion about the adequacy of the limits of the coverage.  On August 29, 2005, the Willhoft's

home was destroyed by Hurricane Katrina.  Upon reporting their loss, the Willhofts learned that

their coverage was inadequate to cover their losses and that a large portion of the losses were not

insured.

The plaintiffs allege claims of negligence and breach of contractual and fiduciary duties

on grounds that Leblanc, individually and on behalf of State Farm, did not explain the basis for

his recommendations regarding coverage limits, including the difference between the limits

under the homeowners and flood policies, but assured the plaintiffs that they were fully

protected.

The defendants removed the case to federal court based on federal question jurisdiction,

alleging that the National Flood Insurance Program, the Standard Flood Insurance Policy, and

the Write-Your-Own Program carriers are all governed by federal law.  The plaintiffs filed a

motion to remand.

## II. DISCUSSION

### A.  Legal standard

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in

relevant part:  "If at any time before the final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded."  To determine whether a cause of action

presents a federal question, the court examines the plaintiffs' well-pleaded complaint.  See

Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003).  The entire record is examined

for a proper understanding of the true nature of the complaint.  See Aquafaith Shipping, Ltd. v.

Jarillas, 963 F.2d 806, 808 (5th Cir. 1992).

## B.  National Flood Insurance Act

The plaintiffs contend that there is no federal question jurisdiction under the National

Flood Insurance Act (NFIA) because their claims arise from the procurement of their policy, not

from the disallowance of a claim under their flood policy.  They argue that NFIA does not

preempt state law claims that arise from policy procurement.

Sections 4053 and 4072 of the NFIA  "provide that flood insurance policyholders may

sue their insurers in federal court in regard to disputes arising from the policies."  Mid-America

Nat'l Bank of Chicago v. First Savings and Loan Assoc. of South Holland, 737 F.2d at 642.  The

NFIA preempts state law claims for an adjustment of an insurance claim, which is considered

"handling" of the claim.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005).

Although the Fifth Circuit has not addressed whether state law claims regarding procurement of

policies would be preempted by the NFIA, a number of courts have held that the NFIA does not

act to preempt state law for claims related to flood insurance procurement.  See Landry v. State

Farm Fire & Casualty Co., 2006 WL 1159391 at *3 (E.D. La. 2006) (J. Fallon).  "The federal

courts premise their jurisdiction under the NFIA upon the fact that policies under the National

Flood Insurance Program are paid from the federal treasury; thus claims regarding handling of

those policies also involve the spending of federal funds.  Id.  "[F]ederal funds are not used to

reimburse [Write Your Own] insurers for liability arising outside of the scope of the Act.  Id.

Because claims involving procurement do not involve the expenditure of federal funds, "there is

no equivalent justification for federal jurisdiction."  Id.

The plaintiffs allege that Leblanc and State Farm were negligent and breached a

contractual duty when Leblanc failed to advise the plaintiffs about the amount of coverage they

should have purchased.  Thus, the claims do not challenge the handling of their claim, but the

procurement of sufficient insurance and Leblanc's errors and omissions in placing an inadequate

policy.  These state law claims are not preempted, and the court lacks subject matter jurisdiction

under the NFIA.

## C.  Jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA)

The defendants contends that the court has jurisdiction under 28 U.S.C. § 1369, the

Multiparty, Multiforum Trial Jurisdiction Act. (MMTJA).  Section 1369 provides in relevant

part:

> (a) **In general**.  The district courts shall have original jurisdiction of any civil
> action involving minimal diversity between adverse parties that arises from a
> single accident, where at least 75 natural persons have died in the accident at a
> discrete location if–
>     (1) a defendant resides in a State and a substantial part of the accident took
> place in another State or other location, regardless of whether that defendant is
> also a resident of the State where a substantial part of the accident took place;
>     (2) any two defendants reside in different States, regardless of whether such
> defendants are also residents of the same State or States; or
>     (3) substantial parts of the accident took place in different States.
>
> (b)  **Limitation of jurisdiction of district courts.**–The district court shall abstain
> from hearing any civil action described in subsection (a) in which–
>     (1) the substantial majority of all plaintiffs are citizens of a single State of
> which the primary defendants are also citizens; and
>     (2) the claims asserted will be governed primarily by the laws of that State.

The Act "would streamline the process by which multidistrict litigation governing

disasters are adjudicated.  H.R.Conf.Rep. 107-685, §11020, 202 U.S.C.C.A.M. 1120 (2002).

"The general provision confers original jurisdiction on federal district courts when certain civil actions have only minimal diversity among the parties."  23 Rev. Litig. 177 at 5 (2004).  "The change to minimal diversity in class actions aims to promote the purposes of the class action device:  fairness, uniformity, efficiency, and manageability in mass litigation."  Id. at 4.  The intended scope of minimal diversity is to reach a "very narrowly defined category of cases."  Id. at 5.  While the MMTJA could apply in an action by a single plaintiff against two defendants, "[m]ore likely, many plaintiffs and many defendants would be involved in the typical suit which would fall under the MMTJA, and often certification of a class action would be sought."  H.Alston Johnson, III, Current Topics in Federal Subject Matter Jurisdiction Based on Diversity of Citizenship (June 7, 2006).

The narrow jurisdiction under the MMTJA is not intended to apply to a case where there are not many plaintiffs and many defendants.  See e.g. Chehardy v. Wooley, Nos. 06-1672, 06-1673 and 06-1674 (E.D. La.) (jurisdiction under § 1369; multi-plaintiff, multi-defendant case consolidated for pretrial purposes with Colleen Berthelot v. Boh Brothers Construction Co., No. 05-4182 (E.D.La.) (class action for damages out of the breach of hurricane protection levees and flood walls)).

### III. CONCLUSION

The court lacks jurisdiction under the NFIA because the case in one for procurement of adequate insurance, not the handling of a claim, and is not preempted by the NFIA.  Jurisdiction is not proper under the MMTJA because it does not fall within the narrow jurisdictional

requirements of § 1369.  Accordingly, the court lacks subjection matter jurisdiction, and

plaintiffs' the motion to remand is granted.


New Orleans, Louisiana, this   5th  day of July, 2006.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE